370 So.2d 383 (1979)
Leigh DETKO/ROBERTS, Petitioner,
v.
Honorable Graham W. STIKELETHER, Circuit Court Judge of the Nineteenth Judicial Circuit, Respondent.
Leigh DETKO/ROBERTS, Appellant,
v.
George DETKO, Appellee.
Nos. 78-1623, 78-1683.
District Court of Appeal of Florida, Fourth District.
March 7, 1979.
On Rehearing April 18, 1979.
Edna L. Caruso and Montgomery, Lytal, Reiter, Denney & Searcy, West Palm Beach, for appellant-petitioner.
William M. Cobb, of Sullivan & Cobb, Vero Beach, for appellee.
Martin S. Friedman, Asst. Atty. Gen., Tallahassee, for respondent.
*384 PER CURIAM.
Leigh Detko Roberts petitions this Court in Case No. 78-1623 for a Writ of Prohibition directed to The Honorable Graham W. Stikelether, Circuit Judge of the 19th Judicial Circuit, and to quash respondent's order of July 19, 1978, determining the Circuit Court of the 19th Judicial Circuit has jurisdiction of the subject matter of this litigation and granting other relief.
Petitioner has also filed an interlocutory appeal in Case No. 78-1683 to review said order of July 19, 1978.
From the factual background it appears that Leigh and George Detko were divorced in the 19th Judicial Circuit on September 3, 1976, and Leigh was awarded custody of their 13 month old daughter. Leigh and the child returned to Alabama where the parties were from and where their relatives continued to live. In April 1977 George filed a petition for determination of visitation rights in the Circuit Court of the 19th Judicial Circuit. Leigh appeared and contested the petition. The court entered an order setting the fathers visitation rights at two weeks every two months.
Leigh returned to Alabama and filed an action thereon May 23, 1977, wherein she successfully sought the protection of the Alabama court to prevent the child from being taken to Florida every two months. The Alabama court found it was not to the child's best interests to be shuttled back and forth as provided in the Florida decree.
Thereafter, George appeared in the Alabama proceeding, moved to dismiss Leigh's complaint and requested that visitation rights be fixed. The Alabama court denied the motion to dismiss and set a final hearing to determine visitation rights. However, before the final hearing George took the child and returned with her to Florida.
On June 20, 1978, George filed a petition in the Circuit Court of the 19th Judicial Circuit to modify the Final Judgment of Divorce and grant him custody. Leigh countered with a petition for Writ of Habeas Corpus seeking return of the child and a motion to dismiss George's petition for modification. The trial court denied the petition for Writ of Habeas Corpus and on the petition for modification he held on July 19, 1978: a) the court had jurisdiction of the subject matter and the parties, b) there were no changes in circumstances justifying a change in custody, c) the mother was not entitled to fees or costs and d) visitation rights were to remain as previously fixed by the Florida Court. The foregoing action of the trial court is the subject of these consolidated cases.
Initially, we would dispose of the Petition for Writ of Prohibition by pointing out that the judicial act sought to be prohibited has already taken place. Thus, prohibition does not lie. English v. McCrary, 348 So.2d 293 (Fla. 1977). The same question is involved in the interlocutory appeal which we consider on the merits.
Our study of the record convinces us that the trial court erroneously exercised its jurisdiction in proceeding with the petition for modification. The proceedings in the trial court with regard to the child custody issue and the jurisdiction of the Florida and Alabama courts are controlled by Chapter 61 of the Florida Statutes (1977). First, Sections 61.1302-1348, the Uniform Child Custody Jurisdiction Act, became effective in Florida on October 1, 1977. This date is significant because the Motion and Order thereon now being reviewed were the first pleadings filed by George in Florida subsequent to the adoption of the Uniform Act. George filed his Petition for Modification of the Final Judgment in June of 1978, praying that custody be transferred from Leigh to him. The question we need to resolve is whether the trial court had jurisdiction under the Uniform Act.
Section 61.1308, Florida Statutes (1977), sets forth the prerequisites in order for a court of this state to exercise jurisdiction in a child custody matter as follows:
"61.1308 Jurisdiction
"(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

*385 "(a) This state:
"1. Is the home state of the child at the time of commencement of the proceeding, or
"2. Had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state;
"(b) It is in the best interest of the child that a court of this state assume jurisdiction because:
"1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and
"2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
"(c) The child is physically present in this state and:
"1. The child has been abandoned, or
"2. It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected; or
"(d) 1. It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), paragraph (b), or paragraph (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and
"2. It is in the best interest of the child that a court of this state assume jurisdiction.
"(2) Except under paragraph (c) or paragraph (d) of subsection (1), physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
"(3) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody."
The evidence in this case demonstrates that at the time the Circuit Court in Florida commenced dealing with the post divorce visitation rights and custody, Leigh and the child were residents of Alabama and had been for more than six months; thus section (1)(a) is inapplicable and none of the other provisions of the above mentioned statute appear to warrant the Florida court's assuming jurisdiction.
It is clear that neither party is completely free from fault in this proceeding. Both parties voluntarily litigated in one forum; suffered an adverse ruling and then retreated to the home state in the hopes of a different result. The husband's conduct in this regard is of particular importance. On June 27, 1977, he appeared in the Alabama proceeding. His motion to dismiss was denied in Alabama by order of November 4, 1977. Husband's requests for limited visitation were, however, granted by Alabama. Before a final hearing occurred in Alabama the husband proceeded for one year to apply on numerous occasions for periodic visitation. These requests were granted and, in effect, the Alabama Court was supervising custody of the child. A visitation occurred in mid June of 1978, and a final hearing was scheduled for June 30, 1978. Twelve days before the hearing and in violation of both the Alabama and Florida court orders the husband took the child to Florida and filed a petition for modification on June 20, 1978. Then the husband proceeded to appear at the Alabama final hearing on June 30, 1978. Alabama found against the husband who, in turn, simply disregarded the Alabama order and proceeded to litigate in Florida anew. This is exactly the kind of conduct which Chapter 61 was designed to prevent.
In view of the foregoing it is our opinion that jurisdiction of the custody feature of this case properly belongs in Alabama. Chapter 61, Florida Statutes (1977).
Accordingly, the judgment appealed from in the interlocutory appeal, Case No. 78-1683, is reversed and the cause is remanded with directions to dismiss appellee's petition for modification and for such further proceedings *386 as may be appropriate consistent with this opinion.
The Petition for Writ of Prohibition in Case No. 78-1623 is denied.
DOWNEY, C.J., and LETTS and BERANEK, JJ., concur.

ON PETITION FOR REHEARING
Petitioner's Petition for Rehearing is granted. We overlooked appellant's second point regarding the trial court's refusal to award petitioner attorney's fees and costs. In view of our reversal of the trial court's order, it appears petitioner may be entitled to attorney's fees pursuant to Section 61.1318(3), Florida Statutes (1978). Accordingly, on remand the trial court should determine if petitioner is entitled to attorney's fees and expenses under that statute and, if so, assess them.
DOWNEY, C.J., and LETTS and BERANEK, JJ., concur.