373 So.2d 48 (1979)
Mary E. HOFER, Petitioner,
v.
Honorable Royce AGNER, Circuit Judge, Third Judicial Circuit for Suwannee County, Florida, Respondent.
No. LL-431.
District Court of Appeal of Florida, First District.
June 5, 1979.
As Corrected on Denial of Rehearing August 6, 1979.
*49 C. Robert Edewaard of Winnie & Winnie, Gainesville, for petitioner.
No Appearance for respondent.
Ernest A. Sellers of Airth, Sellers & Lewis, Live Oak, for amicus curiae.
McCORD, Chief Judge.
This is a petition for writ of prohibition brought by Mary E. Hofer to prohibit Honorable Royce Agner, Circuit Judge of the Third Judicial Circuit of Florida in and for Suwannee County, from further proceeding in a child custody action. We issued an order to show cause and have considered the petition, briefs, and appendices filed. We deny issuance of the writ.
The child custody proceeding is a continuation of a dissolution of marriage action in which a final judgment was rendered on June 9, 1975, granting the care, custody and control of the two minor children (Stephanie Dana Wilson, then age 7 years and Stephen Wayne Wilson, then age 6 years) of the marriage between petitioner, Mary E. Wilson, and Wayne H. Wilson to the mother, Mary. Visitation rights were given to the father, Wayne, and the court retained jurisdiction of the cause to make such further modifications as might be necessary.
The father exercised visitation rights during the summer and Christmas of 1975. In early 1976, he remarried, and in June, 1976, the mother remarried and moved to New Jersey with her new husband. The children were sent back to Florida for visitation at Christmas, 1976, and in the summer of 1977. At the termination of the summer visitation in 1977, the father refused to return the children to the mother. The mother than filed a petition for enforcement of the final judgment and in response the father counter-petitioned for modification of custody. On September 5, 1977, the trial court (Judge Agner) found that the father had violated the final judgment but did not hold him in contempt. The court denied the father's petition for modification of custody but modified the father's visitation rights.
During the children's summer visit with the father in 1978, he had the children evaluated by a psychologist and filed a petition in the trial court for change of custody, such proceeding being the subject matter of this prohibition action. Petitioner mother, on July 27, 1978, filed a motion in the trial court contending that it lacked jurisdiction over the proceeding by virtue of the Uniform Child Custody Jurisdiction Act, §§ 61.1302-61.1348, Florida Statutes (1977), which became law on October 1, 1977. In support of her motion, the mother filed an affidavit which states in part as follows:
"4. From approximately the middle of August, 1976, after the Father's summer visitation with the children, the minor children have been a continuous part of Mrs. Hofer's family unit in New Jersey, except for Christmas and summer visitations with the Father in 1976 and 1977, until approximately July 1, 1978, when the Father commenced his summer visitation.
5. During the time said minor children have resided with her in New Jersey, they have had a stable home, school and church situation. The children have resided in one home and have developed relationships with neighborhood children, they have attended one school where they have developed relationships, and the family has attended church on a regular basis."
Judge Agner thereafter entered his order on the wife's motion after reviewing the court file and hearing the arguments of counsel for the respective parties, finding in pertinent part as follows:
"a. The Court has jurisdiction to decide the custody of the minor children of the *50 parties and the court has jurisdiction over the children under Florida Statutes section 61.1308, because:
(1) Florida was the home state of the children at the time of the commencement of the initial proceeding to dissolve the marriage within the meaning of Florida Statutes § 61.1308(1)(a)1; and
(2) It is in the best interests of the children that the Court assume jurisdiction because the children are presently in the State, the Father has significant connection with the State and the children have significant connection with the State because they resided in the State prior to the dissolution of marriage and up until approximately July of 1976."
Judge Agner directed that the minor children "who are presently with the Father for visitation shall be returned to the Mother." Judge Agner further directed that the proceeding on the husband's petition for modification of custody be brought on for final hearing at the earliest reasonable date. The children were returned to the mother in New Jersey on the following day, and the mother then filed the petition for writ of prohibition in this Court.
§ 61.1304 sets forth the purposes of the "Uniform Child Custody Jurisdiction Act" as follows:
"The general purposes of this act are to:
(1) Avoid jurisdictional competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being.
(2) Promote cooperation with the courts of other states to the end that a custody decree is rendered in the state which can best decide the case in the interest of the child.
(3) Assure that litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state.
(4) Discourage continuing controversies over child custody in the interest of greater stability of home environment and of secure family relationships for the child.
(5) Deter abductions and other unilateral removals of children undertaken to obtain custody awards.
(6) Avoid relitigation of custody decisions of other states in this state insofar as feasible.
(7) Facilitate the enforcement of custody decrees of other states.
(8) Promote and expand the exchange of information and other forms of mutual assistance between the courts of this state and those of other states concerned with the same child.
(9) Make uniform the law with respect to the subject of this act among states enacting it.
The provisions of § 61.1308 relating to jurisdiction which are pertinent to this proceeding are as follows:
"(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state:
1. Is the home state of the child at the time of commencement of the proceeding, or

2. Had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state;
(b) It is in the best interest of the child that a court of this state assume jurisdiction because:

*51 1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and

2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;" (emphasis supplied).
From the record, it appears that both the maternal and parental grandparents of the children and other relatives of the children as well as friends of the children live in Florida. The children have lived with their mother and stepfather in New Jersey for more than six months, and thus their home state under the above statute is in New Jersey, "home state" being defined by § 61.1306(5) as follows:
"(5) `Home state' means the state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as parent for at least 6 consecutive months [or], in the case of a child less than 6 months old, the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the 6-month or other period."
It is apparent that the Florida trial court does not have jurisdiction under § 61.1308(1)(a) and, therefore, we must look to paragraph (b) for a determination of jurisdiction. Under that above quoted paragraph, the Florida trial court has jurisdiction if it is in the best interest of the child that it assume jurisdiction because:
"1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships."
Judge Agner presided over previous proceedings which culminated in his order of September 5, 1977, denying change of custody to the father and thus has had a familiarity with the case prior to the present proceeding. He found that he had jurisdiction to decide the custody question because such would be in the best interest of the children, and the children had significant connection with the state. He thus resolved the factual conflicts before reaching that conclusion. In English v. McCrary, 348 So.2d 293 (Fla. 1977), the Supreme Court said:
"Prohibition lies to prevent an inferior tribunal from acting in excess of jurisdiction but not to prevent an erroneous exercise of jurisdiction ... If the existence of jurisdiction depends on controverted facts which the inferior court has the jurisdiction to determine, and the court errs in the exercise thereof, prohibition is not available."
Although the children in this cause now reside in New Jersey with their mother and stepfather, they have lived the majority of their lives in Florida and their other relatives reside here. § 61.1308(1)(b) does not require that a child's only "significant connection" be with the State of Florida in order for jurisdiction of the Florida court to attach. It only requires that the child have a "significant connection" with this state. In view of the history of this case as above related and such facts as are shown in the record, we cannot say that they conclusively establish that jurisdiction should be relinquished by the Florida court. The existence of jurisdiction depends on controverted facts which the trial court has determined adversely to the petitioner. Prohibition, therefore, does not lie.
The legislature, in § 61.1304(4) quoted above, expressed its intent that continuing controversies over child custody should be discouraged in the interest of greater stability of home environment and of secure family relationships for the child. We are confident that the trial court will consider the inconvenience and expense to the wife of defending against a second petition of the father for change of custody, filed only one year from his previous petition, when it comes to the point of consideration of assessment of costs and attorneys fees to the wife.
Writ of prohibition is denied.
ERVIN and MELVIN, JJ., concur.