ANSTEAD, Judge.
In a final judgment of dissolution the wife was initially awarded custody of the parties’ minor children. Because the wife refused to comply with a subsequent court order directing her to bring herself and the children from New Jersey to Florida, the court ordered the custody of the children transferred to the husband. No hearing was conducted or findings made as to whether transfer of custody would be in the best interests of the children.
This court has previously recognized that a trial court has broad discretion to effect compliance with its orders. Gordon v. Gordon, 368 So.2d 1356 (Fla. 4th DCA 1979). However, before an order may be entered modifying the custody provisions of a final judgment or otherwise transferring custody, a determination must be made that a change in custody is in the best interests of the children. Baker v. Baker, 360 So.2d 19 (Fla. 4th DCA 1978). The transfer of custody of minor children should not be used as a means of punishing recalcitrant parties to dissolution proceedings. When a change in custody is sought nothing less than a showing that such change is required to serve the best interests of the child will justify granting such a change.
Accordingly, this cause is reversed and remanded with directions for further proceedings consistent herewith.
MOORE, J., concurs.
BERANEK, J., concurs with opinion.