395 So.2d 1249 (1981)
Vivienne BROWN and Arthur Brown, Appellants,
v.
Eugene TAN, a Minor Child by and through His Father Yang Seng Tan, Appellee.
No. 81-238.
District Court of Appeal of Florida, Third District.
March 26, 1981.
*1250 Levine, Reckson, Reed & Geiger and Allen P. Reed, Miami, for appellants.
Fowler, White, Burnett, Hurley, Banick & Strickroot and John R. Kelso, Miami, for appellee.
Before HENDRY and DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
This appeal is from an order of the trial court granting a petition of habeas corpus and directing the return and production of a twelve-year old child, Eugene Nicolas Tan, to his natural father, Yang Seng Tan, from the possession of his natural mother, Vivienne Brown, and her husband, Arthur Brown. In its order the trial court held *1251 that it was without jurisdiction to determine or award custody to appellants, Vivienne and Arthur Brown, under Sections 61.1308(1)(c)(1) or (2), Florida Statutes (1979), the Uniform Child Custody Jurisdiction Act. The order stated that since it was stipulated that Florida is not the home state of Eugene, jurisdiction does not obtain absent abandonment or an emergency. It was further stipulated that the child was not abandoned. The trial court found no proof of an emergency as would vest the court with jurisdiction to decide custody and ordered immediate delivery of Eugene to Tan for return to Eugene's home in Singapore. We affirm.
Eugene Nicholas Tan is a minor child and a citizen and resident of the Republic of Singapore where he has lived and resided with his natural father, Yang Seng Tan, continuously from his birth to the present. The father is also a citizen and resident of the Republic of Singapore. Vivienne Brown, the natural mother and former wife of Tan, left Singapore in 1974 and pursuant to agreements between the couple, the custody of Eugene remained with Tan. On October 13, 1976, the Circuit Court of Dade County, Florida entered a final judgment for a dissolution of marriage dissolving the bonds of matrimony between Tan and Vivienne. Since the Florida court was without jurisdiction as to the child, there was no determination of custody.
On November 12, 1980, Tan and Eugene left their home in Singapore for an extended tour of the Far East, Hawaii and California with the intention of traveling to Miami for a holiday visit with the mother Vivienne Brown. On November 20, 1980, Eugene was put on a plane to Miami from Los Angeles with the understanding that the boy's custody would remain with Tan, that the boy would continue to retain his residence and citizenship in his homeland and that he would return to his father on or about December 5, 1980. Vivienne and her new husband, Arthur Brown, subsequently refused to relinquish custody and possession of Eugene and to permit his return to Singapore. Eugene is presently enrolled in Dade Christian School.
Appellants argue that the court has jurisdiction to award custody under Sections 61.1308(1)(c)(2), 61.1308(1)(d), and 61.1308(1)(b) Florida Statutes (1979).
Under the terms of Section 61.1308(1)(c)(2) an "emergency" vests jurisdiction if it is necessary "to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected." There is simply no evidence in this case which would support such a finding of abuse or neglect by the father. See Costantino v. Costantino, 386 So.2d 1274 (Fla.3d DCA 1980) (no competent proof that children had been abandoned or neglected). See, e.g., Hegler v. Hegler, 383 So.2d 1134 (Fla.5th DCA 1980) (remanded for determination of neglect where mother's friend indulged in excessive drinking of alcohol and smoking of marijuana in the presence of the children).
Appellant's argument that the court has jurisdiction under Section 61.1308(1)(d)[1] must also fail because there is no showing that Singapore has no jurisdiction or has declined to determine custody of a citizen and resident of its country for twelve years and there is no proof that a change in the living arrangements is in the best interest of the child. See Robertson v. Bass, 52 Fla. 420, 42 So. 243 (1906) (after four years court will not disturb status quo where there is no showing that interest of children demand change). See also Brown v. Brown, 388 So.2d 623 (Fla.4th DCA 1980); Trujillo v. Trujillo, 378 So.2d 812 (Fla.3d DCA 1980); Scarpetta v. DeMartino, 254 So.2d 813 (Fla.3d DCA 1971), cert. denied, 409 U.S. 1011, 93 S.Ct. 437, 34 L.Ed.2d 305 (1972).
*1252 Similarly, appellant's argument that the trial court has jurisdiction because it is in the best interest for the child under Section 61.1308(1)(b), must fail for lack of proof that it is in fact in Eugene's best interest because the requirement of "significant connection" with Florida is not met. Except in cases of abandonment, abuse, or neglect, physical presence in the state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination. § 61.1308(1)(a). See Jackson v. Jackson, 390 So.2d 787 (Fla.1st DCA 1980). A significant connection may not be found on the basis of "home," where there is no question that the Republic of Singapore is Eugene's home, and not Florida. See, e.g., Hegler v. Hegler, supra. Nor does the fact that the original divorce decree was granted in Florida support jurisdiction, Matteson v. Matteson, 379 So.2d 677 (Fla.2d DCA 1980). Eugene has not lived the majority of his life in Florida, Hofer v. Agner, 373 So.2d 48 (Fla.1st DCA 1979); nor has Eugene frequently visited his mother in Florida, Reeve v. Reeve, 391 So.2d 789 (Fla.1st DCA 1980). The initial custody of the father was not wrongful and without consent of the mother, Mondy v. Mondy, 395 So.2d 193 (Fla.1st DCA 1981). We also reject as without merit the argument of the mother that a significant connection can be found between the child and this state based on the child's interest in properties owned by her. § 61.1308(1)(b).
Furthermore, where the natural mother has maintained custody of the child after agreeing to return the child to the father after the visit, the court may in its discretion decline jurisdiction by reason of wrongful conduct. § 61.1318(1), Fla. Stat. (1979). See, e.g., Howard v. Howard, 378 So.2d 1329 (Fla.5th DCA 1980) (no evidence that wife acted in any way improperly in securing custody of child as contemplated by Section 61.1318). The effect of assuming jurisdiction to determine child custody after there has been a wrongful taking or detention may be the encouragement of child snatching. The practice is abhorred and the legislature has seen fit to provide for the assessment of attorney's fees, costs and expenses in appropriate cases where a petition is dismissed under this section. § 61.1318(3).
Although the trial court correctly determined that it was without jurisdiction to determine custody of Eugene under Chapter 61, Laws of Florida (1979), the court properly, by means of the writ of habeas corpus, ordered the return of possession of Eugene so as to restore the status quo. See Crane v. Hayes, 253 So.2d 435 (Fla. 1971) (as a general rule, a habeas corpus proceeding is an independent action, legal and civil in nature, designed to secure prompt determination as to the legality of a restraint in some form... . there is no question but that habeas corpus is a proper proceeding to obtain custody of a child wrongfully withheld).
The order of the trial court for immediate delivery of possession of Eugene to his natural father Yang Seng Tan for a return to Eugene's home in the Republic of Singapore, is affirmed.
THE COURT WILL NOT ENTERTAIN A MOTION FOR REHEARING.
NOTES
[1] Section 61.1308(1)(d) provides "it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), paragraph (b), or paragraph (c), or another state has declined to exercise jurisdiction on the ground that this state is a more appropriate forum to determine the custody of the child," and (2) "it is in the best interest of the child that a court of this state assume jurisdiction." See also Section 61.1348 providing that the general policies of this act extend to the international arena.