420 So.2d 104 (1982)
Nicholas BONIS, Appellant,
v.
Susie BONIS, Appellee.
No. 81-2272.
District Court of Appeal of Florida, Third District.
August 17, 1982.
As Clarified on Denial of Rehearing October 19, 1982.
*105 Demeo & Sherman and Thomas G. Sherman, Coral Gables, for appellant.
Scherman & Zelonker and Regina F. Zelonker, Hialeah, for appellee.
Before NESBITT, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
This appeal is from a Final Judgment dissolving a marriage and awarding custody of the minor child to the wife. Appellant contends the Florida court improperly exercised jurisdiction without prior consultation with a Colorado court where the action was then pending as required by Section 61.1314(1), Florida Statutes (1979).[1]
The following facts are gleaned from pleadings, affidavits, and undisputed statements of facts.[2] Appellee-wife filed a Petition for Dissolution of Marriage in Dade County, Florida on July 24, 1981. By an information affidavit filed along with the petition, in compliance with the Uniform Child Custody Jurisdiction Act (UCCJA), Section 61.132, Florida Statutes (1979), appellee swore to the following:
(1) the female child of the parties was born on May 3, 1975;
(2) the parties and child resided in Brooklyn, New York from July 1976 to September 1977;
(3) the parties and child resided at Lakewood, Colorado from September 1977 to May 1st, 1978;

*106 (4) the appellee and child resided in Brooklyn, New York from May 1st, 1978 to September, 1980;
(5) the child resided with appellant in Colorado from September, 1980 to June, 1981;
(6) in June, 1981, the child began to live with appellee at Miami Beach, Florida.
In paragraph 4 of the affidavit appellee averred:
4. Your affiant is named as a Respondent in a dissolution proceeding pending in the District Court In and For the County of Arapahoe, State of Colorado, Nicholas Bonis and Susie Bonis, Civil Action No. A80DR351, Div. 7. However, affiant has never been served with the petition filed in said cause. Affiant plans to seek dismissal of the Colorado action based on lack of personal jurisdiction. No decree has been entered in the Colorado action.
Appellant was served with the Petition for Dissolution and information affidavit by publication; copies were mailed directly to him by the clerk of the Florida court at a Colorado address provided by appellee. In response, appellant journeyed to Miami, Florida on August 13, 1981 and in a devious fashion, "snatched" the child from a day care school. He took the child with him to Massachusetts to visit with his mother.[3] On August 14, 1981 the Florida circuit court heard appellee's Motion for Temporary Custody and entered an order determining that it had jurisdiction and ordering appellant to return the child to appellee.
Appellant returned with his daughter to Colorado on or before September 14, 1981. On that date Colorado police took custody of the child pursuant to a Colorado court order issued to enforce the Florida decree; the child was returned to appellee. A default judgment was entered against appellant on appellee's Florida Petition for Dissolution September 8, 1981, while appellant was in Massachusetts. The final judgment from which this appeal is brought was entered on September 18, 1981.
Appellee contends: (1) the Florida trial court had jurisdiction pursuant to Section 61.1308(1)(b), Florida Statutes (1979)[4] because appellee and the child had a significant connection with the state, (2) the Florida court was empowered to exercise jurisdiction despite the fact that appellant's petition for dissolution had been filed earlier in the Colorado court because had this court declined to exercise jurisdiction appellant's "child-snatching would have been rewarded", (3) the provisions of Section 61.1314(1) did not preclude the exercise of jurisdiction because appellant's Colorado proceeding could not qualify as a "pending" action until appellee was served and (4) the Colorado court was not exercising jurisdiction substantially in conformity with the Act because appellee had not been served with a copy of the petition which is a prerequisite to jurisdiction.
We briefly dispose of appellee's first two contentions. Even if appellee had made a showing that she and the child had a significant connection with the State of Florida, which we doubt [compare with the facts in Brown v. Tan, 395 So.2d 1249 (Fla. 3d DCA 1981); Trujillo v. Trujillo, 378 So.2d 812 (Fla. 3d DCA 1980); Howard v. Howard, 378 So.2d 1329 (Fla. 4th DCA 1980)], Section 61.1314, Florida Statutes (1979) with unmistakable clarity would still preclude exercise of that jurisdiction. Although child-snatching is one of the evils the Uniform Child Custody Act was enacted to remedy, Section 61.1304(5), Florida Statutes *107 (1979); Brown v. Tan, an allegation or showing of child-snatching by one of the parents is not an independent statutory basis for jurisdiction, thus, contrary to appellee's assertion, it will not guide resolution of the issues presented here.[5]
Appellee's third contention is also unavailing. An action is commenced in Florida when the complaint or petition is filed. Fla.R.Civ.P. 1.050. When an action is commenced, it becomes a pending suit and continues pending until the rendition of a final judgment. Kornblum v. Heflin, 183 So.2d 843 (Fla. 2d DCA 1966), cert. denied, 189 So.2d 632 (Fla. 1966). Appellant directs us to Colorado authority which is on the point. In Lopez v. Dist. Court, Fourth Jud. Dist., Etc., 606 P.2d 853 (Colo. 1980) the Colorado court, in deferring to the jurisdiction of a California court, rejected the same argument which appellee makes here:
Respondent court reasoned that the action was not `pending' in the California court since the Bustamantes had not been notified of the action at the time they brought suit in Colorado. We do not agree with this interpretation of the California law...
The respondent court further justified its conclusion that there was no pending proceeding in California because the Bustamantes, as `adverse parties claiming custody' had not been served with process in the California proceeding; and, therefore, the California court had no jurisdiction to resolve the custody dispute under the Uniform Custody Act. This contention is answered by our previous discussion of the California Code of Civil Procedure provisions relating to commencement of an action and pendency of an action. Whether the California proceeding be regarded as a dissolution of marriage or as one under the Uniform Custody Act, it is clear that the proceeding was pending in that court prior to the Colorado proceeding.
Likewise, it is clear to us that the dissolution of marriage action commenced by appellant in the Colorado court was a pending proceeding at the time appellee commenced her dissolution of marriage in Florida  under either Florida or Colorado law.
Appellee's final argument, essentially the same as the third contention, is that the Colorado court was not "exercising jurisdiction substantially in conformity" with the Act because appellee had not been served with a copy of the Colorado petition which is a prerequisite to jurisdiction. We reject the contention. Colorado Rule of Civil Procedure 3(b) provides that "the court shall have jurisdiction from the filing of the complaint... ." Jurisdiction in this context, is the inherent power of the court, conferred by law, to deal with the general subject matter as set out in jurisdictional allegations. That power cannot be exercised however until the parties are brought before the court.[6]Lovett v. Lovett, 93 Fla. 611, 112 So. 768 (1927). Though that power cannot be exercised in absence of jurisdiction over the person (or property), the inherent power to deal with the subject is not dependent on having the parties before the court. Where, as here, the named defendant in a pending proceeding is not before the court, and the court has not attempted to determine any rights or duties of the defendant, it cannot be said that the court has exercised its jurisdiction improperly.
Four stated purposes of the UCCJA are to (1) avoid jurisdictional competition and conflict with courts of other states in matters *108 of child custody; (2) promote cooperation with the courts of other states to the end that a custody decree is rendered in the state which can best decide the case in the interest of the child; (3) avoid relitigation of custody decisions of the other states; (4) make the law uniform with respect to child custody jurisdiction among states which have adopted the Act.[7] Those purposes are not served when a court, with knowledge that the subject matter of child custody is pending in another state, totally ignores the foreign proceeding and exercises jurisdiction over a child, who has been in the state for less than a month, for the purpose of making a permanent custody award. See Hanson v. Hanson, 379 So.2d 967 (Fla. 1st DCA 1980); Trujillo v. Trujillo.
We reverse those parts of the Final Judgment for Dissolution of Marriage which makes determinations as to child custody; the case is remanded for further consistent proceedings. On remand the trial court is to proceed in accordance with Section 61.1314(1), Florida Statutes (1979) and if appropriate, to dismiss the child custody matters for lack of subject matter jurisdiction. See Constantino v. Constantino, 386 So.2d 1274 (Fla. 3d DCA 1980).
NOTES
[1] Section 61.1314, Florida Statutes: Simultaneous proceeding in other states. 

(1) A court of this state shall not exercise its jurisdiction under this act if, at the time the petition is filed, a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this act, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.
[2] Because the hearings were uncontested there was no requirement for a transcript of the proceedings.
[3] Appellant argues that by agreement the child had resided with him in Colorado for nine months prior to this dispute, and it was appellee who snatched the child while the child was in Miami for a visit.
[4] Section 61.1308(1)(b) provides:

(b) it is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.
[5] Appellee relies upon Mondy v. Mondy, 395 So.2d 193 (Fla. 1st DCA 1981) wherein the court in similar circumstances exercised jurisdiction for the purpose of bringing a stop to kidnapping and "determining the best interests of the children." The court bottomed its jurisdiction on Section 61.1308(1)(b) finding that the child and mother had a significant connection with the state. The majority opinion did not consider Section 61.1314(1) and its impact in light of the then pending Idaho dissolution action. We think Mondy is incorrect and agree with Judge Joanos's dissent. "The Act requires that courts recognize and defer to the jurisdiction of a sister State which has properly assumed jurisdiction."
[6] Upon receiving notice of the Colorado action, though not served, appellee could have returned to Colorado, the last residence of the child and the last marital residence, for the purpose of challenging the Colorado court's jurisdiction or for a hearing on the merits.
[7] § 61.1304, Fla. Stat. (1979).