466 So.2d 268 (1985)
Lucila Ignacia HOLLANDER (Mitchell), Appellant,
v.
Steven Ted HOLLANDER, Appellee.
No. 83-1581.
District Court of Appeal of Florida, Third District.
February 12, 1985.
Elizabeth S. Baker, Miami, for appellant.
Gary Kalos, Miami, for appellee.
Before BARKDULL, BASKIN and FERGUSON[1], JJ.
BASKIN, Judge.
Holding that Florida has continuing jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act, section 61.3108(1)(b), Florida Statutes (1981), we affirm the trial court's order denying appellant's exceptions to the general master's report. The master determined that although the mother had moved to Texas[2] with their child, both parents maintained sufficient contacts with Florida. He concluded that substantial evidence exists in Florida regarding the child's welfare.
We reject appellant's contention that the child, who now lives in Texas, no longer *269 has significant connections with Florida. We are persuaded by O'Connor v. O'Connor, 447 So.2d 1034 (Fla. 4th DCA 1984) and Reeve v. Reeve, 391 So.2d 789 (Fla. 1st DCA 1980), that jurisdiction is established by the presence of substantial evidence regarding the child's present or future care, protection, training and personal relationships. The child must have a significant connection with the state exercising jurisdiction. Hofer v. Agner, 373 So.2d 48 (Fla. 1st DCA 1979). The connection is shown in this case by the father's continued residence in Florida, the fact that the child lived the majority of his life in Florida and has other relatives who live in Florida, and by evidence that the father has exercised his visitation rights within the last three years.
If, as the mother contends, she is harassed by repetitive petitions which require her to incur unwarranted costs to defend, she may apply to the trial court for appropriate costs and fee awards. Hofer at 51.
Affirmed.

ON MOTION FOR REHEARING GRANTED[1]
PER CURIAM.
The appellant's motion for rehearing is granted. Pursuant to a court order, a mother was permitted to relocate her residence in Texas with the minor child of the divorced parties (custody had originally been awarded her in the final judgment of dissolution). After the child had resided in Texas for a period in excess of six months, the father filed, in Florida, in the divorce proceeding, a petition to change custody. The trial court held, in effect, that Florida was still the "home state" of the child. We find this to be error under the authority of Nelson v. Nelson, 433 So.2d 1015 (Fla. 3d DCA 1983); Detko/Roberts v. Stikelether, 370 So.2d 383 (Fla. 4th DCA 1979).
Therefore the order changing custody be and the same is hereby reversed and the matter is returned to the trial court with directions to dismiss the father's petition without prejudice to him bringing same in the child's present "home state" of Texas.
Reversed and remanded.
BASKIN, Judge (dissenting).
Following rehearing en banc, pursuant to Florida Rule of Appellate Procedure 9.331, a majority of the original three-judge panel agreed to vacate the opinion released on May 15, 1984. That opinion affirmed the trial court's order denying exceptions to the master's report. The majority then substituted a new majority opinion reversing the trial court's order.[*] I respectfully dissent. The reasons for my dissent are two-fold: first, I believe the court must adopt uniform standards for en banc review, and second, I take issue with the substance of the majority opinion.
My quarrel with the procedure utilized by the court derives from the lack of standards which would insure uniform treatment for all litigants. It is imperative that the court advance the policy of decisional uniformity announced in Chase Federal Savings & Loan Association v. Schreiber, 9 FLW 313 (Fla. July 26, 1984). To achieve that goal, the court must avoid any appearance of arbitrary or selective application of the en banc rule. I question any action taken by the court en banc without its first adopting uniform guidelines.
Litigants who brief and argue matters before the full court are entitled to know how participating members of the court voted; if the court declines to vote, then litigants should have advance notice of those circumstances under which the court may forego the opportunity to vote en banc and release a panel opinion instead. The court has neither promulgated standards defining the stage of proceedings at which en banc review may be aborted, nor adopted internal rules which insure to all litigants equal treatment. As matters now stand, there is no way to determine when a litigant who has argued before the entire court will receive the vote of the full court.
I find no fault with the release of an opinion directed solely to rehearing, thereby avoiding the necessity for en banc consideration under appropriate circumstances. However, in this case, neither rehearing nor rehearing en banc standards have been met. Thus, the court lacks jurisdiction to issue a new panel opinion on rehearing. Fraga v. Department of Health & *270 Rehabilitative Services, 464 So.2d 144 (Fla. 3d DCA 1985) (Baskin, J. dissenting); see Meehan v. Celotex Corp. 466 So.2d 1100 (Fla. 3d DCA 1985) (Hubbart, J. dissenting).
My main concern, however, rests with the decision itself. The opinion on Motion for Rehearing Granted, from which I dissent, finds error in the trial court's ruling that Florida remains the "home state" of the child. I do not detect that finding in the trial court's decision. The trial court merely entered an order denying without comment the wife's exceptions to the report of the general master. The general master found:
1. This cause commenced by the filing of a Petition for Dissolution of Marriage in 1975 and remained active in Dade County, Florida, with both parties litigating various matters subsequent to the parties Dissolution of Marriage on May 21, 1975.
2. To date, no action has been filed in any other court of any other state.
3. Pursuant to an Order of the Court signed on the 1st day of September, 1981, the Petitioner/Wife, LUCILA IGNACIA HOLLANDER, was allowed to remove the parties minor child, NATHANIEL HOLLANDER, to the State of Texas, which was done in February, 1981.
4. Said Order required the posting of a $2,000.00 bond which was not posted until the 24th day of August, 1981, making said date the first legal date that the State of Texas may be considered as the home state of said minor child, NATHANIEL HOLLANDER.
5. The Petitioner/Wife, LUCILA IGNACIA HOLLANDER, consented at that time to waive any rights she might have to litigate this cause in the State of Texas.
6. A Change of Custody Petition was filed on the 31st day of August, 1981, by the Respondent/Husband, STEVEN TED HOLLANDER.
7. One of the litigants, to wit: the father, presently resides in the State of Florida.
8. Both the child and his parents have significant connections with the State of Florida.
9. There is available in the State of Florida substantial evidence concerning the child's present and future care, protection, training and personal relationships.
10. The State of Texas has not enacted the Uniform Child Custody Jurisdiction Act.
Based upon the foregoing findings of fact, the undersigned is of the opinion that this Court has jurisdiction to determine custody matters based on Florida Statutes 61.1308(1)(a)2 or Florida Statutes 61.1308(1)(b). Furthermore, should custody proceedings be filed in the State of Texas, under the provisions of the Florida Act, Florida would be considered a more convenient forum, pursuant to the considerations outlined in Florida Statutes 61.1316(3).
The master based the court's jurisdiction on a finding that either section 61.1308(1)(a)2 or section 61.1308(1)(b), Florida Statutes (1981) applied.
Section 61.1308(1)(a)2 provides:
(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state:
.....
2. Had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state.
Section 61.1308(1)(b) provides:
(b) It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.
The majority opinion disagrees with a result predicated on Florida remaining the "home state." However, home state provisions of the statute are not the basis for the master's findings. The master's report relies primarily on the significant contacts enunciated in section 61.1308(1)(b). The *271 factual posture of the litigation supports his utilization of that section.
The panel cites Nelson v. Nelson, 433 So.2d 1015 (Fla. 3d DCA 1983) in support of its opinion, but Nelson is clearly distinguishable. Nelson is based on the emergency provisions of section 61.1308(1)(c)2, Florida Statutes (1981). In Nelson the court proscribes the use of a new forum to gain a change of permanent custody under the emergency provisions of section (1)(c) of the statute. In the case before us, however, the master was concerned with other sections of the Act. By applying Nelson when significant contacts are at issue, the majority enables a parent to undo years of litigation merely by establishing a new home state. I do not believe that the Uniform Child Custody Jurisdiction Act intended that result. In section 61.1304(1) the Act condemns the shifting of children from state to state.
The majority's citation of Detko/Roberts v. Stikelether, 370 So.2d 383 (Fla. 4th DCA 1979), which relates to other sections of the statute, is also inapposite to the facts of this case. More appropriate, in my view, are O'Connor v. O'Connor, 447 So.2d 1034 (Fla. 4th DCA 1984) and Reeve v. Reeve, 391 So.2d 789 (Fla. 1st DCA 1980). Those cases confirm jurisdiction predicated on section (1)(b) and the existence of substantial evidence regarding the child's care, protection, training and personal relationships. Hofer v. Agner, 373 So.2d 48 (Fla. 1st DCA 1979). The significant connections in this case arise from the father's continued residence in Florida; from the fact that the child lived the majority of his life in Florida and has other relatives who live in Florida; and from evidence that the father has exercised his visitation rights within the last three years.
For these reasons, I would affirm the trial court's order denying exceptions to the master's report.
NOTES
[1] Participated in decision, but not oral argument.
[2] The master noted that Texas has not adopted the Uniform Child Custody Jurisdiction Act.
[1] After the original opinion in this matter was released, this cause was set for a rehearing en banc. Following the rehearing en banc a majority of the original panel agreed to vacate the original opinion and substitute the following majority and therefore the order granting a rehearing en banc has been vacated.
[*] I question the authority of the two-judge panel majority to vacate the en banc order entered on behalf of the entire court.