515 So.2d 237 (1987)
Gordon Allen GENOE, Appellant,
v.
Violetta GENOE, Appellee.
No. 84-2323.
District Court of Appeal of Florida, Fourth District.
January 28, 1987.
Gordon Allen Genoe, pro se.
James P. O'Flarity of Law Offices of James P. O'Flarity, P.A., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from an order of the trial court in a child custody dispute declining to exercise jurisdiction to consider the father's petition for modification because the mother and the children now reside in New Jersey. We affirm.
In his order the trial judge outlined the circumstances of the case and the reasons for his decision:
"THIS CAUSE comes before the Court upon the motion of the Former Wife, VIOLETTA GENOE, to dismiss the motion for change of custody of the minor children filed by the Former Husband, GORDON A. GENOE, in this cause.
"The original petition for dissolution of marriage was filed in this action on September 27, 1976, an order of dissolution was entered on November 9, 1976 and a final order awarding custody of the minor children to the Former Wife, was entered on August 15, 1977. Since that time, the parties have created an eleven volume labyrinth which would boggle the mind of even the most sophisticated cryptographer. At last count, there were in excess of eight hundred docket entries with no end in sight. In reviewing the file, it is apparent that there have been at least four Circuit Judges who have dealt with this case prior to this Judge. At least three of the prior Judges have had to recuse themselves following conflicts with the Former Husband.
"Following the decree ordering that Mrs. Genoe be awarded permanent custody of the two minor children of the parties, Mrs. Genoe, without consent of the Court, removed the children to the State of New Jersey. There followed a Court hearing sometime later, resulting in the Court allowing Mrs. Genoe to continue to reside in the State of New Jersey with the minor children. Mrs. Genoe and the children have resided in New Jersey since approximately 1982. Dr. Genoe has not left the State of Florida but has left Palm Beach County. Dr. Genoe now resides in Gainesville, Florida, and has from time to time resided in other parts of Florida since the custody decree.
*238 "The Former Husband has now filed a Motion for Change of Custody of Minor Children/Motion For Change to Joint Custody/Motion to Compel Return of Children to Florida, which has been amended upon at least two occasions. A copy of the original motion filed on December 30, 1983, is attached hereto and marked as exhibit `A'. The amended motion for change of custody of the minor children filed on January 25, 1984, is attached as exhibit `B' and another amended motion for change of custody of minor children filed July 9, 1984, is attached as exhibit `C'.
"It is clear that the provisions of the Uniform Child Custody Jurisdiction Act apply to this modification proceeding, see Matteson v. Matteson, 379 So.2d 677 (Fla. 1st DCA 1980) and Nelson v. Nelson, 433 So.2d 1015 (Fla. 3d DCA 1983).
"The Former Wife asserts that pursuant to § 61.1308, Florida Statutes, the Court lacks jurisdiction to rule upon the motion for change of custody and pursuant to § 61.1316, Florida Statutes, even if the Court does have jurisdiction, it should decline to exercise it in that the State of New Jersey is the more appropriate forum to rule upon the custody question.
"The parties have each submitted numerous cases to the Court in support of their respective positions and having considered all of these matters, the Court finds that the question of custody should be resolved in the State of New Jersey because this Court either lacks jurisdiction or the forum is not convenient.
"§ 61.1308, Supra, entitled `Jurisdiction' reads in pertinent part as follows:
`(1) A Court of this State which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This State:
(1) is the home state of the child at the time of the commencement of the proceeding, or
(2) had been the child's home state within six months before commencement of the proceeding and the child is absent from the state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as a parent continues to live in this state;
(b) It is in the best interest of the child that a court of this state assume jurisdiction because:
(1) the child and his parents or the child and at least one contestant, have a significant connection with this state, and
(2) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.'
"The Court finds that the children are presently residing in the state of New Jersey and that they were residing there at the time of the commencement of the proceeding to modify the custody decree. The Court further finds that the home state of the children within the six months before the commencement of the proceeding to modify the custody decree is the State of New Jersey. Therefore, the Court does not have jurisdiction pursuant to § 61.1308(a)(1) or (2) above. Jurisdiction must be found, if at all, under § 61.1308(b).
"In support of his contention that this Court has jurisdiction, Dr. Genoe relies primarily on three cases; Hofer v. Agner, 373 So.2d 48 (Fla. 1st DCA 1979), Reeve v. Reeve, 391 So.2d 789 (Fla. 1st DCA 1980) and Kulko v. California Superior Court, 436 U.S. 84, 56 L.Ed.2d 132, 98 S.Ct. 1690 (1978).
"In Hofer, Supra, and Reeve, Supra, the First District Court of Appeal has evidently chosen to construe § 61.1308(1)(b), Florida Statutes, as fixing continuing jurisdiction in the Florida Courts if one parent continues to reside in the state and that parent exercises his or her visitation rights. The First District Court of Appeal evidently views § 61.1308(1)(b) as a vehicle to proliferate jurisdiction rather than to limit it. Thus, the Court reasoned as follows in Reeve, at 791:
`As to the second part of the test, for purposes of determining subject matter jurisdiction under § 61.1308, it is not the *239 relative wealth of evidence available in either state that is at issue, rather, whether there exists in this state substantial evidence regarding the child's present or future care, protection, training and personal relationships. While the bulk of the evidence regarding the child's present care, protection, training, and personal relationships may now exist in New Jersey, there nevertheless exists in Florida substantial evidence regarding her future care, protection, training, and personal relationships, since the wife who is seeking permanent custody resides in this state. Thus, the Florida court does have subject matter jurisdiction under § 61.1308(1)(b), Florida Statutes.' (emphasis added)
"However, this reasoning of the First District Court of Appeal, that the mere presence of one of the litigating parties in the state confers jurisdiction on the Florida Courts is at odds with the purpose of § 61.1308(1)(b) as outlined in the Commissioner's Notes to this section of the Uniform Child Custody Jurisdiction Act. Those notes read in pertinent part as follows:
`paragraph (2) perhaps more than any other provision of the act requires that it be interpreted in the spirit of the legislative purposes expressed in section 1. The paragraph was phrased in general terms in order to be flexible enough to cover many fact situations too diverse to lend themselves to exact description. But its purpose is to limit jurisdiction rather than to proliferate it. The first clause of the paragraph is important: jurisdiction exists only if it is in the child's interest, not merely the interest or convenience of the feuding parties, to determine custody in a particular state. The interest of the child is served when the forum has optimum access to relevant evidence about the child and family. There must be maximum rather than minimum contact with the state. The submission of the parties to a forum, perhaps for purposes of divorce, is not sufficient without additional factors establishing closer ties with the state. Divorce jurisdiction does not necessarily include custody jurisdiction.' (emphasis added)
Uniform Child Custody Jurisdiction Act (U.L.A.) § 3, page 124.
"Moreover, other District Courts of Appeal have not chosen to follow the First District in this matter. Thus, the mere presence of one contesting party and the exercise of visitation by that party has been found insufficient to confer jurisdiction on the Florida Courts on the following cases: Matteson v. Matteson, Supra, Detko/Roberts v. Stikelether, 370 So.2d 383 (Fla. 4th DCA 1979) and Findley v. Findley, 441 So.2d 1166 (Fla. 2d DCA 1983).
"Although the Fourth District decision in Detko/Roberts, Supra, is not as close factually to this case as the two First District decisions cited by the Former Husband, the Court finds that the underlying reasoning of Detko is more in keeping with the Commissioner's Note to § 3 of the Uniform Child Custody Jurisdiction Act and that the Commissioner's Note more accurately reflects the scope of the Court's jurisdiction under § 61.1308(1)(b).
"Thus, as noted above, the Court finds that New Jersey is the home state of the children under § 61.1308(1)(a) and that the Former Husband has failed to demonstrate to the Court that it is in the best interest of the minor children that this Court assume jurisdiction under § 61.1308(1)(b).
"The Court further finds the case of Kulko v. California Superior Court, Supra, to be inapplicable to this cause. In Kulko, Supra, Justice Marshall notes in his majority opinion that the father did not contest the jurisdiction of the California Court for the purposes of determining custody but rather only contested the Court's in personam jurisdiction for the purposes of entering a support decree. Thus, the question presented in Kulko is entirely different from the question presented in the instant case.
"For the reasons set forth above, the Court finds that it lacks jurisdiction over this cause. Further, the Court finds that even if it has jurisdiction, it should decline to exercise such jurisdiction pursuant to *240 § 61.1316, Florida Statutes, in that New Jersey is the home state of the children, New Jersey has closer connections with the children and Mrs. Genoe and substantial evidence concerning the children's present and future care, protection, training, and personal relationships is more readily available in New Jersey than in the State of Florida.
"WHEREFORE, for the foregoing reasons, the Court stays this cause to enable the Former Wife to move expeditiously in the Courts of New Jersey to determine if those Courts will exercise jurisdiction over the Former Husband's petition for modification of custody. The action is stayed until further Order of this Court."
The father concedes that the trial court has discretion to exercise jurisdiction under the circumstances, but asserts that the trial court abused its discretion and that its decision is contrary to this court's holding in O'Connor v. O'Connor, 447 So.2d 1034 (Fla. 4th DCA 1984). In O'Connor we held that a trial court did not abuse its discretion in exercising jurisdiction over the custody dispute even though the mother and children had moved to Tennessee. However, we believe the facts in O'Connor distinguish that case from the circumstances described by the trial court. Those facts, outlined in the opinion, demonstrated the children's continuing and substantial ties to Florida, including long periods of custody by the father in Florida right up until the time of the modification proceedings.
In addition, the appellee-mother has demonstrated in supplemental materials filed with this court that the New Jersey court has accepted and exercised jurisdiction over the custody dispute in accord with the Florida trial court's order.
We approve the trial court's order on the grounds set out therein and in particular upon the trial court's conclusion that it should "decline to exercise such jurisdiction pursuant to § 61.1316, Florida Statutes, in that New Jersey is the home state of the children, New Jersey has closer connections with the children and Mrs. Genoe and substantial evidence concerning the children's present and future care, protection, training, and personal relationships is more readily available in New Jersey than in the State of Florida."
ANSTEAD and GLICKSTEIN, JJ., and GODERICH, MARIO P., Associate Judge, concur.