563 So.2d 169 (1990)
Edith Marie ANDERSON, Appellant,
v.
Kaye Frank ANDERSON, Appellee.
No. 89-2382.
District Court of Appeal of Florida, Third District.
June 12, 1990.
*170 Elliot L. Miller, Miami Beach, for appellant.
Pavese, Garner, Haverfield, Dalton, Harrison & Jensen and Robert L. Donald, Fort Myers, for appellee.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
On April 4, 1989, Kaye Frank Anderson filed an action in Lee County to dissolve his marriage to Edith Marie Anderson. She allegedly avoided his repeated attempts to serve her with process and filed her own dissolution of marriage action in Dade County on June 1, 1989. Although the parties owned real property in Dade County that was a subject of the dissolution action, Lee County had been the last domicile jurisdiction of the parties during the marriage. On Mr. Anderson's motion, the trial court abated Mrs. Anderson's Dade County action in deference to the Lee County action.
Mrs. Anderson contends here that (1) an abatement is not a recognized procedural action, (2) the Lee County action was not earlier in time because she was never served, and (3) the dissolution action should be tried in Dade County as a local action because both dissolution actions seek a partitioning of real property which is located in Dade County.
Contrary to the appellant's contention, a state court may abate an action upon a showing that a prior action involving the same parties and cause of action is pending in the same court or another court of like jurisdiction. Koehlke Components, Inc. v. South East Connectors, Inc., 456 So.2d 554 (Fla. 3d DCA 1984).[1]
An action is commenced when the complaint or petition is filed, Rule 1.050, Florida Rules of Civil Procedure, and continues pending until the rendition of a final judgment, or the issuance of an appellate court mandate where an appeal is taken. Bonis v. Bonis, 420 So.2d 104 (Fla. 3d DCA 1982), rev. denied, 430 So.2d 450 (Fla. 1983); Kornblum v. Heflin, 183 So.2d 843 (Fla. 2d DCA), cert. denied, 189 So.2d 632 (Fla. 1966); 1 Fla.Jur.2d Actions § 35 (1977). Service on the defendant is not essential to jurisdiction over the subject matter. Bonis.
In a dissolution action venue is located in the single county where the intact marriage was last evidenced by a continuing union of the partners who intended to remain there. Goedmakers v. Goedmakers, 520 So.2d 575 (Fla. 1988). The fact that the dissolution action involves real property located in some other county does not make the dissolution action a local action requiring *171 that it be brought in the county where the real property is located. Id.
The trial judge was correct in abating the Dade County action and transferring venue to Lee County with instructions that the "Wife may bring whatever claims she previously sought in Dade County, relating to the marriage, in ... [the] Lee County case."
Affirmed.
NOTES
[1] The abatement aspect of the order on review is mooted by the simultaneous transfer of venue provision in the same order.