364 So.2d 521 (1978)
Larry Eugene MOSER, Appellant,
v.
Linda B. DAVIS, Appellee.
No. 78-378.
District Court of Appeal of Florida, Second District.
November 15, 1978.
David Luther Woodward of the Law Offices of David Luther Woodward, Chartered, Tampa, for appellant.
No appearance for appellee.
GRIMES, Chief Judge.
This is an appeal from an order directing that appellant (father) deliver to appellee (mother) the physical custody of two of their children.
In 1968 the mother and father were divorced in North Carolina. The divorce decree awarded custody of their three children to the father. After the mother remarried, the parties agreed to place the children in the custody of the mother. The North Carolina court, in 1973, issued an order confirming the change of custody. The mother moved to Georgia in 1977 and took the children with her. Later that year the children ran away in order to be with their father. The father delivered the children to the Division of Youth Services of the Department of Health and Rehabilitative Services, but the Division obtained a court order placing temporary custody in the father pending further proceedings. On December 22, 1977, the father filed in the Circuit Court of Hillsborough County a sworn petition for custody of the children. A hearing on the petition was set for March 20, 1978.
In the meantime, on January 23, 1978, the mother filed a petition for writ of habeas corpus in the Hillsborough County Circuit Court. A writ of habeas corpus was issued and served upon the father the same day. The writ commanded him to bring the children before the court the following afternoon and to show cause why the children should not be released to the custody of the mother. The father appeared with the children as ordered. No testimony was taken at the hearing, but the mother agreed that, if he wished, the oldest boy could stay with his father. Having concluded that he did not have jurisdiction to modify the North Carolina custody decree, the judge ordered the father to deliver the two younger boys to the mother.
The question before us is whether the court had jurisdiction to entertain the father's petition for change of custody. If not, the North Carolina decree clearly entitles *522 the mother to the children. Resolution of this issue requires a study of the Uniform Child Custody Jurisdiction Act, Sections 61.1302-61.1348, Florida Statutes (1977). The jurisdictional provisions of this act are set forth in Section 61.1308, Florida Statutes (1977), which reads as follows:
61.1308 Jurisdiction. 
(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state:
1. Is the home state of the child at the time of commencement of the proceeding, or
2. Had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state;
(b) It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
(c) The child is physically present in this state and:
1. The child has been abandoned, or
2. It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected; or
(d) 1. It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), paragraph (b), or paragraph (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and
2. It is in the best interest of the child that a court of this state assume jurisdiction.
(2) Except under paragraph (c) or paragraph (d) of subsection (1), physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
(3) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.
In the order in which he concluded that he had no jurisdiction under the Act, the trial judge correctly noted that Florida was not the "home state" of the children as defined in Section 61.1306. Section 61.1308, however, specifies four alternative circumstances under which the court may exercise jurisdiction, and only one of these requires a modification proceeding to be brought in the child's home state. The children were physically present in the state, and the father's petition for custody alleged that the children told him they ran away because of numerous threats and acts of violence committed by the mother. Thus, the allegations of the petition, if true, were sufficient to vest jurisdiction under Section 61.1308(1)(c).[1]
Admittedly, the petition for custody did not fully comply with the requirements of Section 61.132 pertaining to certain information which must be submitted under oath to the court, but if the father had not been suddenly required to assert his right to custody with only one day's notice, we assume that he could have furnished the additional information required by the statute.
We hold that the court erred in summarily directing that custody of the children be given to the mother without first taking testimony in order to determine the existence *523 of jurisdiction to entertain the petition for modification. The order appealed is reversed with directions that the court permit the parties to file the pleadings prescribed by the Uniform Act and take such testimony as may be necessary to determine whether jurisdiction exists to consider the petition for custody. Should there be such jurisdiction, the court can then conduct further proceedings and enter an order on the merits. Should there be no jurisdiction, the father will have to seek relief in some other forum.
SCHEB and DANAHY, JJ., concur.
NOTES
[1] The allegations of the petition may also have been broad enough to invoke jurisdiction under subsections (b) and (d) of § 61.1308(1), but, in view of our position with respect to subsection (c), we need not decide this.