GLICKSTEIN, Judge.
The parties were divorced in Texas in 1973. One child, Denise Kay Wilkerson, was born on August 16, 1971, as issue of the marriage. By the terms of the final judgment and decree, the Texas court awarded custody of Denise to her paternal grandparents, Claude A. Wilkerson and Margaret Wilkerson, and visitation rights, including one month in the summer, to appellant, Denise’s mother.
In June, 1979, the paternal grandfather delivered Denise to appellant’s home in Texas for a one month visitation. Shortly thereafter, appellant and her new husband moved to Okeechobee County, Florida, and brought Denise with them. On July 13, 1979, appellant filed in Okeechobee County a petition for modification of Denise’s custody wherein she alleged that she and her present husband have a suitable and proper home in which to raise the child and that material changes in circumstances and conditions since the 1973 divorce warrant custody to be awarded to appellant.
The paternal grandparents and former husband moved to dismiss the petition for modification on the grounds that the criteria for exercising jurisdiction in Florida under Section 61.1308, Florida Statutes (1979), the Uniform Child Custody Jurisdiction Act, were not present in this case; that the Florida court was an inconvenient forum within the parameters of Section 61.1316, Florida Statutes (1979); that appellant wrongfully took Denise from Texas as proscribed by Section 61.1318, Florida Statutes (1979); and that appellant failed to file an affidavit required by Section 61.132, Florida Statutes (1979).
On August 24,1979, the trial court granted the motion to dismiss and ordered that Denise be returned to her grandparents. Thereafter, the trial court entered a further *121 order to clarify its reasons for not accepting jurisdiction. The order recited inter alia:
The Court is of the opinion that even though the child is in the jurisdiction of the State of Florida, and that the mother resides in this State, the matter should be resolved in the State of Texas; that the mother should have instituted proceedings in the State of Texas, which was the most convenient forum, rather than leave with the child while under the visitation rights, to the State of Florida.
We agree with the trial court’s conclusions. Florida is not the child’s home state. Texas has a closer connection with her; and substantial evidence concerning Denise’s present or future care, protection, training and personal relationships is more readily available there. Rather than bringing the child to Florida, appellant should have sought modification in Texas. Hegler v. Hegler, 383 So.2d 1134 (Fla. 5th DCA 1980). See also Matteson v. Matteson, 379 So.2d 677 (Fla.2d DCA 1980); Trujillo v. Trujillo, 378 So.2d 812 (Fla.3d DCA 1979). One of the purposes of the subject act is to assure that litigation concerning child custody takes place in the state in which the child and his family have the closest connection. We are confident that the appropriate court in our sister state would, upon appellant’s petition, enter an order of custody consistent with Denise’s welfare and best interests. Accordingly, we affirm.
AFFIRMED.
HERSEY, J., concurs.
BERANEK, J., concurs specially with opinion.