PER CURIAM.
Richard Sterzinger, a German national, met Madeleine Candelario, a Puerto Rican citizen, while both were graduate students at the University of Miami School of Law. They married in Puerto Rico in 1978 and moved to West Germany where their only child, Sibyl, was born. The couple separated in 1982. Madeleine returned to Puerto Rico with the child. She was awarded child custody pursuant to a 1983 German divorce which incorporated a property settlement and child custody agreement.
After a dispute arose over visitation arrangements, Richard filed a petition in the Superior Court of Puerto Rico, seeking to enforce the previously agreed upon visitation rights. Madeleine did not appear at a scheduled hearing on the petition. The Puerto Rican court entered an order requiring Madeleine to obtain court approval before removing the child from the court’s jurisdiction. Following bickerings over additional matters, the parties entered into stipulations regarding child visitation and support for the purpose of ending the litigation. The Superior Court of Puerto Rico entered an order approving the stipulations which included an agreement that the Superior Court of Puerto Rico would retain continued jurisdiction over the case and the matters in dispute. To no one’s surprise the litigation did not end.
Madeleine filed a claim for an increase in child support, which is still pending, as is a motion to coordinate trips for the child’s visitation with her father in Germany. Richard applied to the Supreme Court of Puerto Rico to revoke several decisions of the Superior Court including one which allowed the mother to remove the child from Puerto Rico. The trial court set aside a previous authorization for the child to travel to Florida and noticed the parties that they had five days to advise the court as to all pending motions.
Without an order óf the Puerto Rican court, Madeleine moved to Miami with the minor child and instituted this Florida proceeding to domesticate the German judgment dissolving the marriage and the order, entered on stipulations, adopted by the Puerto Rican court regarding child support and visitation. Richard’s motion to dismiss for lack of jurisdiction was denied.
With the Florida action pending, the Supreme Court of Puerto Rico issued a writ of mandamus reaffirming that its courts had jurisdiction over the parties and the subject matter, and instructing the trial court to require the mother to return the child to Puerto Rico and to comply with orders on visitation. The court also issued an order to show cause why Madeleine should not be held in criminal contempt for disobeying the court’s order that the child not be removed from the jurisdiction without court approval.
Without consideration of the pending Puerto Rican proceedings, a trial of this *800 cause was held in Miami. Thereafter the Dade Circuit Court entered its judgments on Madeleine’s petitions, domesticating the divorce judgment of Germany, and modifying the support and visitation judgment entered by the court of Puerto Rico. Richard appeals from the order denying his motion to dismiss. Madeleine cross-appeals an order denying her attorney’s fees.
Herrero v. Matas, 447 So.2d 335 (Fla. 3d DCA), rev. dismissed, 453 So.2d 44 (Fla.1984), relied on by the appellant-father, is controlling authority. There we held:
The propriety of a Florida court’s exercise of jurisdiction in this matter is governed by the Uniform Child Custody Jurisdiction Act ... codified in Florida at sections 61.1301-61.1348, Florida Statutes (1983). The purposes of the act are to avoid jurisdictional competition and conflict, promote cooperation among the states so that the state best able to protect the interests of the child renders the custody decree, and to assure that the state with the closest connection to the parties is the state where the litigation takes place. In addition, the act was designed to promote stability by discouraging continuing controversies over child custody, to deter abductions of children undertaken to facilitate changes in custody, and to promote the exchange of information and mutual assistance between courts of the various states.
[2] The act provides that no Florida court shall exercise jurisdiction if, when the petition was filed in Florida, a proceeding concerning custody of the child was already pending in a court of another state exercising jurisdiction substantially in conformity with the act.... [Cites omitted.]
Herrero v. Matas, So.2d 447 at 336.
We find here, as we did in Herrero, that a proceeding concerning custody of the child was pending in Puerto Rico and that the Puerto Rican court acted in substantial conformity with the Uniform Child Custody Jurisdiction Act. For these reasons the Dade circuit court was prohibited from exercising jurisdiction.
The cause is remanded with instructions to enter an order that (1) instructs the mother to return the child to Puerto Rico, (2) vacates the judgments which domesticate and modify the foreign judgments, and (3) dismisses the proceedings.