559 So.2d 1211 (1990)
Antoine IZMERY, Appellant,
v.
Dounia Richard IZMERY, Appellee.
Nos. 88-1339, 88-2083 and 88-2128.
District Court of Appeal of Florida, Third District.
March 20, 1990.
Kurzban, Kurzban & Weinger and Allison Weinger, for appellant.
Leopold & Leopold and Karen Leopold, for appellee.
Before SCHWARTZ, C.J., COPE, J., and LETTS, GAVIN K., Associate Judge.
SCHWARTZ, Chief Judge.
Those portions of the final judgment and order under review concerning the parties' minor child[1] are reversed on the ground that the trial court should have declined to accept or to continue to exercise jurisdiction over the custody and visitation issues because of the pendency of an action in Haiti which was initiated by and actively pursued to a successful conclusion by the wife-appellee in this case. Sterzinger v. Efron, 534 So.2d 798 (Fla. 3d DCA 1988), *1212 review denied, 545 So.2d 1367 (Fla. 1989); Herrero v. Matas, 447 So.2d 335 (Fla. 3d DCA 1984), pet. for review dismissed, 453 So.2d 44 (Fla. 1984).
The parties, both citizens of Haiti, were married there on August 14, 1976. A son, Tony, was born in Haiti on April 25, 1978. Later that year, the mother filed a dissolution action in the Haitian courts which sought, among other things, Tony's custody. Notwithstanding that the court assumed jurisdiction over the case and ordered her not to do so, she subsequently took the child with her to the United States and within days filed the instant proceeding in the Dade County circuit court, again seeking custody of the child. During the ensuing many years of bitter litigation here, she continued to pursue the action in Haiti. Although the father initially succeeded in the Haitian trial court, the mother won an appellate determination which gave her custody of the child with reasonable visitation rights to the father. This was almost precisely the result of the instant proceeding in the court below; with the sole difference that, under the Haitian judgment, Mr. Izmery may exercise his visitation rights in Haiti, where he lives, whereas he must do so in Florida under the Dade County decree.
It is clear that, under these circumstances, Sterzinger and Herrero compel the conclusion that the trial court should have not assumed nor continued jurisdiction over the child.[2] These cases plainly hold that when even a foreign tribunal, acting at the instance of a particular party, is the first to exercise custody jurisdiction, a Florida court later petitioned by the same party should defer to the first one, so long as that court affords an effective opportunity to be heard and is motivated by the best interests of the child  when, in other words, it is acting substantially in conformity with the Uniform Child Custody Jurisdiction Act, section 61.1314, Florida Statutes (1979).[3] See § 61.1348, Fla. Stat. (1979). These qualifications are satisfied in this case. Indeed, the mother, after vigorously and successfully contesting the issue in Haiti, has even won a determination that the best interests of the child require her own custody. Herrero observes at 447 So.2d at 337 n. 2 that:
It would defeat the salutary purposes of the act for a Florida court to exercise jurisdiction when the party who filed in Florida had filed elsewhere and lost. Mondy v. Mondy, 428 So.2d 235 (Fla. 1983); Detko/Roberts v. Stikelether, 370 So.2d 383 (Fla. 4th DCA 1979).
It is all the more incongruous to permit the successful maintenance of a Florida action by one who has first filed elsewhere and won.[4]
Finally, the mere fact that the foreign nation involved in this case was Haiti rather than Puerto Rico, a political subdivision of the United States, as in Sterzinger and Herrero, makes no difference simply because, as affirmatively appears and as the appellee may not deny, general principles of concern for the child and fair notice to the parties have prevailed.[5] See Suarez *1213 Ortega v. Pujals de Suarez, 465 So.2d 607 (Fla. 3d DCA 1985) (Mexico). Section 61.1348, Florida Statutes (1979) specifically provides that
"[t]he general policies of this act extend to the international area. The provisions of this act relating to the recognition and enforcement of custody decrees of other states apply to custody decrees, and decrees involving legal institutions similar in nature to custody institutions, rendered by appropriate authorities of other nations if reasonable notice and opportunity to be heard were given to all affected persons."
See also Commonwealth v. Zaubi, 492 Pa. 183, 423 A.2d 333 (1980) (Denmark); Miller v. Superior Court, 22 Cal.3d 923, 151 Cal. Rptr. 6, 587 P.2d 723 (1978) (Australia). The appellee here makes some contention that decrees of Haiti should not be respected because, supported by little documentation, she contends that the republic operates under a presumption that young children should be in the custody of the father rather than with the mother. Even if we accepted the proposition that Haitian law on this point differs somewhat from Florida's, see Anderson v. Anderson, 289 So.2d 463 (Fla. 3d DCA 1974); Goodman v. Goodman, 291 So.2d 106 (Fla. 3d DCA 1974); but see § 61.13, Fla. Stat. (1979), a subtle distinction like this is hardly such as would justify disregarding the jurisdiction and judgment of another nation under section 61.1348. Warner v. Florida Bank & Trust Co., 160 F.2d 766 (5th Cir.1947). In any event, it can make no difference in this case in which any such "presumption" was overcome in the mother's favor by the Haitian appellate court in finding that the best interests of the child nevertheless require her custody.
Reversed and remanded.
LETTS, GAVIN K., Associate Judge, concurs.
COPE, Judge (specially concurring).
I agree that the wife was not at liberty to pursue a petition for non-emergency relief in Florida, in view of the pendency of her earlier-filed matrimonial action in Haiti. I respectfully disagree with those portions of the majority opinion which suggest that the trial court may have lacked jurisdiction, and with so much of the opinion as suggests that the wife was not entitled to invoke the assistance of Florida's courts in what was plainly a bona fide emergency.
In my view, the trial court was entirely correct in concluding that Florida had concurrent jurisdiction of the matrimonial matter, based on paragraphs 61.1308(1)(b) and (c), Florida Statutes (1979). The wife was, prior to the marriage, a longtime Florida resident, who became a naturalized U.S. citizen shortly after the marriage. The parties' child was a dual citizen. Upon the parties' separation, the wife and child returned to Dade County, Florida, to reside with her parents. The trial court concluded, correctly in my view, that there was concurrent jurisdiction by reason of paragraph 61.1308(1)(b), Florida Statutes (1979).
Complicating the equation was the fact that while the child was residing in Florida, the husband first threatened to kidnap him, and then actually succeeded in doing so. The child was eventually retrieved, after considerable time and difficulty, from Canada. There was, therefore, jurisdiction for purposes of emergency relief under paragraph 61.1308(1)(c), Florida Statutes (1979), for purposes of physical protection. See Nelson v. Nelson, 433 So.2d 1015 (Fla. 3d DCA 1983).[1] That there was a substantial basis for Florida jurisdiction is illustrated by the fact that the trial court's 1980 jurisdictional rulings were tested by petition for writ of prohibition in this court, and relief was denied. Izmery v. Goldman, 384 So.2d 1384 *1214 (Fla. 3d DCA 1980).[2]
With those qualifications, I concur.
NOTES
[1] We find no error in the appellant's point which concerns the alleged property rights of the child.
[2] While there is no need to consider the father's claim that the trial court lacked jurisdiction vel non over the child custody issue, we note that since Florida was not the child's home state when the action was brought and jurisdiction obviously did not lie under section 61.1308(1)(c)2, see Suarez Ortega v. Pujals de Suarez, 465 So.2d 607 (Fla. 3d DCA 1985); Nelson v. Nelson, 433 So.2d 1015 (Fla. 3d DCA 1983); Trujillo v. Trujillo, 378 So.2d 812 (Fla. 3d DCA 1979), this position is at least a very substantial one.
[3] The statute provides in pertinent part:

(1) A court of this state shall not exercise its jurisdiction under this act if, at the time the petition is filed, a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this act, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.
[4] Quite obviously the distinction between the judgments as to the place in which Mr. Izmery may visit his child cannot justify a refusal to follow the Haitian judgment. See Warner v. Florida Bank & Trust Co., 160 F.2d 766 (5th Cir.1947); Sterzinger, 534 So.2d at 798; Suarez Ortega, 465 So.2d at 607; Herrero, 447 So.2d at 335.
[5] As an aside, we note that we are impressed by the quality and conscientiousness of the manner in which this case was approached by the Haitian courts both on initial consideration and appeal.
[1] The emergency provision would not, of course, provide a jurisdictional basis for a plenary determination of all of the parties' other matrimonial and child custody issues. Id. at 1017.
[2] Because the petition was disposed of prior to Obanion v. State, 496 So.2d 977, 980 (Fla. 3d DCA 1986), review denied, 504 So.2d 768 (Fla. 1987), the denial of the petition does not foreclose review of the jurisdictional issue on appeal from the final judgment.