617 So.2d 426 (1993)
Pilar PEFAUR, Appellant/Petitioner,
v.
Hector PEFAUR, Appellee/Respondent.
No. 92-1303.
District Court of Appeal of Florida, Third District.
April 27, 1993.
*427 Dawn Euringer, Brenda J. Feinberg, Leonard H. Rubin, Miami, for appellant/petitioner.
Brian R. Hersh and Jeffrey J. Begens, Miami, for appellee/respondent.
Before NESBITT, FERGUSON and COPE, JJ.
COPE, Judge.
Pilar Pefaur appeals a non-final order under the Uniform Child Custody Jurisdiction Act.[1] The trial court declined to exercise jurisdiction over the parties' child custody dispute and deferred to Argentina, the home state of the children.[2] We treat the appeal as a petition for writ of certiorari. See O'Connor v. O'Connor, 447 So.2d 1034, 1035 (Fla. 4th DCA 1984); Bedingfield v. Bedingfield, 417 So.2d 1047, 1048 n. 2 (Fla. 4th DCA 1982), review dismissed, 427 So.2d 736 (Fla. 1983).
We find no departure from the essential requirements of law. See § 61.1348, Fla. Stat. (1991); Izmery v. Izmery, 559 So.2d 1211, 1212-13 (Fla. 3d DCA 1990); Suarez Ortega v. Pujals de Suarez, 465 So.2d 607 (Fla. 3d DCA 1985); Brown v. Tan, 395 So.2d 1249 (Fla. 3d DCA 1981); Restatement (Second) of Conflict of Laws § 79 (Supp. 1989); Restatement (Third) of Foreign Relations Law of the United States § 485 (1987). As the father has conceded, the trial court may impose the condition that the father advance the mother's reasonable expenses of travel and attorney's fees associated with litigating the child custody issue in Argentina.
Each party in this case contends that the other has removed the children from Argentina and Florida, respectively, without the other party's consent.[3] The trial court retains the power to take such interim steps as may be necessary or appropriate to assure the security of the child and household in this jurisdiction,[4] and to assure that no further unilateral removals occur pending resolution of the custody dispute. See § 61.1308(1)(c), Fla. Stat. (1991).
We note that Argentina, like the United States, is a signatory to the Convention on the Civil Aspects of International Child Abduction, which recites that "the interests of children are of paramount importance in matters relating to their custody." Martin-dale-Hubbell International Law Digest, at IC-35 (1993). The Convention establishes procedures "[a] to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and [b] to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States." Id.
Certiorari denied.
NOTES
[1] §§ 61.1302-61.1348, Fla. Stat. (1991).
[2] The children have dual Argentine-United States citizenship. The oldest child was born in the United States; the younger two children, in Argentina. The children have resided in Argentina since 1983 and attend school there. They take vacations in Florida. The father is a citizen of Argentina; the mother, the United States.
[3] The trial court made no ruling on whether the removals were wrongful and we express no view on the point.
[4] One child is in Florida at this time.