623 So.2d 1213 (1993)
Steven KALLMAN, a/k/a James Steven Kallman, Appellant,
v.
Pia KALLMAN, Appellee.
No. 93-1974.
District Court of Appeal of Florida, Third District.
September 7, 1993.
*1214 Elser, Greene & Hodor and Cynthia Greene, Miami, for appellant.
William L. Gautier and Jerome J. Kavulich, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and HUBBART, JJ.
PER CURIAM.
We treat this proceeding as an appeal pursuant to Fla.R.App.P. 9.130(a)(3)(C)(iii) of the following non-final order granting temporary custody of the parties' children to the wife:
2. Count II of the Wife's Amended Verified Petition seeks custody under the U.C.C.J.A., alleging jurisdiction under the U.C.C.J.A.
3. This Court finds that it does not have jurisdiction over the custody of the parties' three minor children pursuant to Florida Statute Section 61.1308(1)(a), (b), and (c), on the basis that the parties and the three minor children have not resided in Florida for the past eight years but instead, have resided in Hong Kong, Singapore, and Indonesia. Specifically, this court finds that Florida is not the home state of the children as defined by the U.C.C.J.A., the children and their parents do not have significant connections[1] with the State of Florida in accordance with the U.C.C.J.A., nor has there been any allegation or testimony of abandonment or of any emergency conditions which would require this Court to take jurisdiction of the minor children under the U.C.C.J.A.
4. The question before this Court was the very narrow question of whether on an emergency basis, based upon the face of the pleadings and the testimony presented at hearing, there was sufficient initial showing of jurisdiction by the Wife for this Court to decide child custody matters under Section 61.1308(2), Fla. Stat.
5. The Husband has filed with this Court what appears to be a valid copy with translation of a custody decree entered by the Court of Jakarta, Indonesia, awarding custody of the parties' minor children to the Husband and this Court accepted that copy and translation as a proper copy. The official copy of the civil suit decision recites the allegations of the complaint filed by the Husband; indicates that the Husband (Plaintiff therein) appeared through his proxy; states that the Wife was not present "... although she has been repeatedly called to appear . ..," and grants the Husband an injunction and temporary custody of the children during the divorce proceedings. The civil suit decision does not set a further hearing date for the Wife to appear to address the injunction or even provide that the injunction is *1215 modifiable upon further hearing prior to the entry of the divorce decree. The record presented contains no evidence pertaining to Jakarta law or procedure which established, how, and in what manner, the ex-parte injunction may be dissolved or modified in a manner comparable to Fla. R.Civ.P. 1.610.
6. This Court further finds that although Indonesia is not a "state" as defined by Section 61.1308 Fla. Stat. of the U.C.C.J.A., nevertheless, the Indonesian decree is an order from a foreign nation, which this Court cannot ignore because of the additional language of Section 61.1348. Fla. Stat. of the U.C.C.J.A. which applies the general policies of the U.C.C.J.A. to the international area, subject to certain restrictions, together with the case law interpreting Section 61.1348. Al-Fassi v. Al-Fassi, 433 So.2d 664, 666 (Fla. 3d DCA 1983).
7. This Court finds, however, that under Section 61.1348, Fla. Stat., decrees of other nations may be recognized by Florida, provided that sufficient, reasonable notice and opportunity to be heard to all affected parties, including the wife, was given in the rendition of such decree of a foreign nation. Al-Fassi v. Al-Fassi, supra, 433 So.2d at 664 (The (uniform act) does not mandate recognition of custody decrees of foreign nations ... However, the courts are not free to disregard custody decrees of other nations simply because they are non-UCCJA decrees. Section 61.1348, Florida Statutes (1981) provides that before the provisions of the [UCCJA] relating to the recognition and enforcement of custody decrees of other states can be applied to decrees of foreign nations, reasonable notice and opportunity to be heard must have been given by the foreign tribunal to all affected persons, Sections 61.1348 also extends the general policies of the Act to the international area.) (Emphasis added)
8. This Court finds that the Indonesian decree lacks on its face the reasonable notice and opportunity to be heard requirements set forth in Florida Statute Section 61.1348, specifically by the fact that this decree was obtained through "nominees," there was no appearance by the Wife, no children before the Court, and there appears to be an award of custody pending the Final Judgment of the Court without opportunity, on the face of the Order, for the Wife to seek to be heard or to present evidence to the contrary.
For this reason, this cause, as initially presented on jurisdictional grounds, is distinguishable from Izmery v. Izmery, 559 So.2d 1211, 1212 (Fla. 3d DCA 1990), where the trial court there assumed jurisdiction without any finding that the foreign nation in question did not afford an effective opportunity to be heard; and Suarez Ortega v. Pujals de Suarez, 465 So.2d 607 (Fla. 3d DCA 1985), where there was no showing that the Mexican court, on an exparte decree, would not accord minimum due process when ruling on the issue of permanent child custody. In that case, the ex-parte procedure was the same as that followed in Florida. Suarez Ortega, supra, 465 So.2d at 609. Here, to the contrary, the civil suit decision is inconsistent with the procedures under Fla.R.Civ.P. 1.610, especially to the extent that there is no ability on the face of the decision, or in any procedures presented to the Court, to request a dissolution of the temporary injunction. Compare, Fla.R.Civ.P. 1.610(d).
9. Because the Indonesian decree fails to meet the due process requirements under 61.1348, Fla. Stat., as determined by the present testimony and evidence before this Court, this Court finds that there is presently no "state" that has exercised jurisdiction so as to preclude jurisdiction under Section 61.1308(1)(d), Fla. Stat., at this time. Section 61.1348, Fla. Stat. and Section 61.1308(1)(d), Fla. Stat. should be construed together in pari materia. 49 Fla.Jur.Statutes Section 175, pp. 208-209. Therefore, because there is no other "state" that would have jurisdiction, and because there has been a prima facie showing by the Wife that it is in the best interest of the minor children that this state assume jurisdiction, this Court finds that this Court has initial subject matter jurisdiction to address the issues of custody of the minor children under the U.C.C.J.A. *1216 10. These findings are not intended to be final findings of the Court beyond the initial showing on the pleadings and the very limited testimony taken, but this Court finds that the Order previously entered awarding temporary custody to the Wife should remain in full force and effect, pending further hearing by Judge Gersten upon her return, by means of a full evidentiary hearing on a non-emergency basis, to take further evidence and testimony as to the jurisdictional question as well as any other question that may arise at that time, including but not limited to whether (i) under Section 61.1316, Fla. Stat., this jurisdiction is an inconvenient forum to exercise jurisdiction, and (ii) under Section 61.1314, Fla. Stat. as to whether, after conferring with the courts in Indonesia, the matters in this Court should be stayed pending the further consideration of these issues in Indonesia.
We entirely agree with these findings and conclusions.
Affirmed.
NOTES
[1] Although the Court has found a lack of significant connections, the Court finds that both parties have parents who live in South Florida; both own property jointly in South Florida, and both are registered voters.