PER CURIAM.
The father in this case, Hector Pefaur, appeals a non-final order adjudicating him in civil contempt of court and ordering him incarcerated for ninety days for his failure to attend mediation and his failure to produce the parties’ children for visitation. We reverse.
Hector Pefaur argues that once this court reversed a trial court order granting Mrs. Pefaur’s 1.540 motion, see Pefaur v. Pefaur, 653 So.2d 431 (Fla. 3d DCA 1995), the earlier opinion of this court in Pefaur v. Pefaur, 617 So.2d 426 (Fla. 3d DCA 1993), controlled as to the instant controversy. In that 1993 case, jurisdiction over the parties’ child custody dispute was affirmed to be in Argentina, home state of the children. Because under Argentinean law, the children could not be taken out of that country without the orders of an Argentinean court, the trial court lacked the subject matter jurisdiction to hold Mr. Pefaur in contempt for violating custody matters. Malone v. Meres, 91 Fla. 709,109 So. 677 (1926). On remand, the trial court is, of course, empowered to impose sanctions for Mr. Pefaur’s willful disobedience of any order to attend mediation. However, on the instant facts, an order striking the pleadings and stripping Mr. Pefaur of the opportunity to defend was too severe a sanction for this violation alone. See Whiteside v. Whiteside, 468 So.2d 407 (Fla. 4th DCA 1985).
Reversed and remanded.