SUAREZ, J.
This Petition for a Writ of Prohibition evolves out of a custody dispute between the mother, who is a member of the Micco-sukee Tribe of Indians, and the father, who is not a member of the tribe of Native American heritage. The issue is whether the Miccosukee Tribal Court or the Circuit Court of the Eleventh Judicial Circuit has the jurisdiction to decide the custody dispute. The mother petitions for a writ prohibiting the Circuit Court from exercising jurisdiction over the custody matter. Based on the facts of this case and the Uniform Child Custody, Jurisdiction, and Enforcement Act (“UCCJEA”), we conclude that the Circuit Court was correct in determining that it, and not the Tribal Court, has jurisdiction to decide the custody issues and we therefore deny the petition.
FACTS
The Petitioner mother is a member of the Miccosukee Tribe. The Respondent father is not a member of the Miccosukee Tribe and is non-Native American. Their children were born in 2005 and 2007. The parties were never married and it is unclear from the record whether the parties ever co-habitated and, if so, where they resided. The mother initiated custody proceedings in the Miccosukee Tribal Court on October 1, 2012. The record demonstrates that the mother lived in Pembroke Pines for the two months immediately prior to the filing of her petition. The Tribal Court accepted jurisdiction and granted temporary custody to the mother, ex-parte, and set a hearing for November 5, 2012. The only notice the father received of the proceedings was by mail addressed to his mother’s house. Nevertheless, he appeared at the hearing with an attorney, but the attorney was not allowed to attend the proceedings. The father was allowed to attend the proceedings, but they were largely conducted in the Micco-sukee language, which he does not understand, and no interpreter was provided. At the end of the hearing the Tribal Court gave the father a short synopsis of the mother’s testimony and extended the mother’s temporary custody.
After learning of the Tribal Court hearing, but prior to the time for the hearing, the father filed his own petition for custody on November 1, 2012 in the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. In March 2013, the mother filed for permanent custody in the Tribal Court and, simultaneously, filed a motion in the Circuit Court to dismiss the father’s petition, arguing that the court did not have jurisdiction pursuant to the UCCJEA. The Circuit Court thereafter conducted an evidentiary hearing to determine which of the two courts had jurisdiction pursuant to the UCCJEA. In a detailed Order, with findings of fact and conclusions of law, the Circuit Court determined that it properly had jurisdiction. The crux of the Circuit Court’s Order is that, although the mother’s filing in the Tribal Court preceded the Father’s filing, the Tribal Court did not substantially comply with the jurisdictional requirements of the UCCJEA and, therefore, pursuant to the UCCJEA, jurisdiction should be in the Circuit Court.
ANALYSIS
Florida has adopted the UCCJEA. §§ 61.501 — 61.542, Fla. Stat. (2012). “The UCCJEA unequivocally limits jurisdiction to determine initial custody matters ... to *586 the child’s ‘home state.’ ” Arjona v. Torres, 941 So.2d 451, 454 (Fla. 3d DCA 2006). The question of whether Florida is a child’s “home state” depends on the facts of each case. Section 61.503(7), Florida Statutes (2012), defines “Home state” as “the state in which a child lived with a parent ... for at least 6 consecutive months immediately before the commencement of a child custody proceeding.” As it does not appear to be disputed by the father, for purposes of this petition, we proceed under the assumption that the children met the home state requirements necessary to confer jurisdiction to determine custody in the Tribal Court. But the analysis of whether the Tribal Court has jurisdiction does not end there.
Under the UCCJEA the Miccosukee Tribe is treated as a state in the United States. Section 61.519, Florida Statutes (2012), covers situations where there are simultaneous custody proceedings in this state and in another state. That statute provides that “a court of this state may not exercise its jurisdiction under ss. 61.514-61.524 if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child had been commenced in a court of another state having jurisdiction substantially in conformity with this part.” § 61.519(1), Fla. Stat. (emphasis added). Additionally, Section 61.505, Florida Statutes (2012), states that a custody determination pertaining to an Indian child made by a tribal court must be recognized by Florida if the determination was “made by the tribe under factual circumstances in substantial conformity with jurisdictional standards of [the UC-CJEA].” § 61.505, Fla. Stat. (emphasis added). Under those sections, if the Tribal Court in this case had substantially complied with the requirements of the UC-CJEA, it would have jurisdiction and not the court of the State of Florida.
Substantial conformity is not defined in the statutes, but several cases have construed the term. In Izmery v. Izmery, 559 So.2d 1211 (Fla. 3d DCA 1990), this court stated that the foreign court was required to afford the party an effective opportunity to be heard. In Karam v. Karam, 6 So.3d 87 (Fla. 3d DCA 2009), this court determined that a French court did not satisfy the requirement of substantial compliance because “the UCCJEA focuses on where the children were living prior to the filing” and the French court had determined only the “usual and permanent center of interest.” See also Markle v. Markle, No. 266341, 2007 WL 2317373, at *4 (Mich.Ct.App. Aug. 14, 2007) (finding Michigan court was not required to give full faith and credit to Texas protective order which was not entered in compliance with the UCCJEA’s requirements for emergency orders).
In this case, the Circuit Court found that the Tribal Court did not substantially conform with the UCCJEA. Specifically, the Circuit Court relied on the fact that 1) the father did not receive notice of the reason for the proceedings in the Tribal Court as required by Section 61.509(3), Florida Statutes (2012), and he had not submitted himself to the jurisdiction of the Tribal Court; 2) at the temporary child custody hearing the father did not have the opportunity to be heard; 3) the father’s attorney was not allowed into the tribal proceedings even as an observer; 4) although the father was allowed to attend the proceedings, he was unable to understand what was happening as the proceedings were conducted largely in the Miccosukee language and he was not given an interpreter; and 5) the mother testified in Miccosukee for over twenty minutes and the Tribal Court gave the father only a two-minute summary in English before granting temporary custody to the mother. We agree with the Circuit Court that those *587 actions were not in substantial conformity with the UCCJEA.
We conclude the Circuit Court did not err in finding that the Tribal Court did not substantially conform with the requirements of the UCCJEA and that such failure to comply conferred jurisdiction on the Circuit Court. § 61.505, Fla. Stat. Therefore, we deny the Petitioner’s Writ of Prohibition.[1]

. I write further, on my own and not on behalf of the majority, to express my concerns over jurisdictional issues in cases like this. I am concerned that the statutes in question appear to almost ignore the authority of Native American tribes over their citizens and seem to ignore the explicit federal statutes and case law setting forth strong tribal interest in determinations regarding custody of Native American children. I would point the reader to, and find very persuasive, the discussions in Garcia v. Gutierrez, 147 N.M. 105, 217 P.3d 591 (2009) and In re Marriage of Skillen, 287 Mont. 399, 956 P.2d 1, 18 (1998), each of which addressed a custody dispute between a Native American parent and a nonNative American parent and each of which determined that application of the UCCJEA and other laws related to Native American welfare should result in concurrent jurisdiction between state and tribal courts and that all courts involved in such disputes should be mindful of the best interest of the children as the primary goal of the exercise of that jurisdiction. The conflicts within the statutes are for Congress to resolve, but unfortunately this and other Courts must grapple with the uncertainties of the statutes until such time as Congress acts.